Argued and submitted May 10, 1993, affirmed March 2, petition for review denied July 5, 1994 (319 Or 281)

# STATE OF OREGON,
*Respondent,*

*v.*

# EDWARD EUGENE ALLEN,
*Appellant.*

(91CR0013; CA A72028)

869 P2d 875

Gary D. Babcock argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Richardson, Chief Judge,* and Riggs, Judge.

_____

* Richardson, C. J., *vice* Durham, J.

DEITS, P. J.

## DEITS, P. J.

Defendant appeals his conviction of aggravated theft in the first degree. ORS 164.057. He argues that the trial court erred in denying his motion to suppress evidence seized during the execution of a search warrant at his home. We affirm.

Defendant was a salesman for Housing, USA, a Grants Pass mobile home dealer. The aggravated theft charge against him arose out of a complicated transaction involving defendant's fraudulent sale of a mobile home to Shannon and Sharon Hughey. The mobile home was owned by Keaty, who was unaware that defendant had "sold" it to the Hugheys. Defendant did not conduct the sale through Housing, USA, and the Hugheys paid $12,500 to defendant. Eventually, the Hugheys became aware that defendant did not own the mobile home and paid Keaty additional money in order to obtain title.

During the time of the Hughey transaction, the sheriff's office was investigating defendant for marketing mobile homes without a license. On the basis of an affidavit filed by Detective Calvo, a search warrant was issued to enter defendant's home to obtain evidence of the sale of a mobile home to Biernoth. The warrant authorized a search for, *inter alia*,

> "[e]vidence of the crimes of Theft in the First Degree by deception, Issuing a False Financial Statement and Misapplication of Entrusted Property, including but not limited to handwriting samples, loan applications, social security cards, and other business and financial records under the name of Ed A. Allen and Edward A. Allen using various dates of birth and social security [numbers]."

Calvo executed the warrant and, while he was conducting the search, defendant offered to get a box of documents from his car. Calvo told him that he did not have to, but defendant retrieved the box and gave it to Calvo. The box, which contained documents involving the Hughey transaction, was seized by Calvo.

Defendant argues that the trial court erred in denying his motion to suppress the documents that Calvo seized relating to the Hughey transaction. He contends that the

warrant did not contain any facts concerning the Hughey transaction and that the police did not have probable cause to seize evidence not covered by the search warrant. We agree that the disputed documents were not described in the warrant. However, we conclude that, because the documents were discovered in the course of a lawful search and because, after he saw them, Calvo had probable cause to seize them, the seizure was lawful.

The pertinent statute is ORS 133.585, which provides, in part:

> "If in the course of the search the officer discovers things, not specified in the warrant, which the officer has probable cause to believe to be subject to seizure under ORS 133.535 which the officer did not have probable cause to expect to find, the officer shall also take possession of the things discovered."[1]

At the time of the search, Calvo knew that there had been a consumer complaint concerning the sale of a mobile home to the Hugheys, but he did not have probable cause to believe that the sale involved any illegal conduct. However, when he examined the contents of the box that defendant brought him during the search, Calvo found a receipt that appeared to have been issued by defendant personally, rather than by Housing, USA, his employer. He knew that defendant, who was not a licensed mobile home dealer, had issued a similar receipt in the Biernoth case, for which the warrant had been issued. Calvo explained his reasons for seizing the documents:

> "At that point [the document] coincided and was similar to the Biernoth transaction in that respect, and there was also the allegations that Mr. Allen had done [the Biernoth] deal privately without Housing USA being involved in the Biernoth matter, and it was similar to that of [sic] type of receipt that was issued to Hughey on that matter. I recall that there had been a consumer complaint. I had talked to [defendant] about the Hughey/Keaty mobile home deal, and [defendant] had told me at that time emphatically that there was nothing wrong with that deal. Everybody, basically, got what they paid for, and there wasn't anything wrong with it. So subsequently, I decided to seize those papers I had found in there

---

[1] ORS 133.535(1) authorizes an officer to seize evidence concerning the commission of a criminal offense.

relating [to] the Keaty/Hughey deal, because I had at that time believed that that was also [an] illegal mobile home transaction.''

It is undisputed that Calvo was in a place that he had a right to be. At the time of the issuance of the search warrant and its execution, he did not have probable cause to expect to find evidence of a crime involving the Hughey transaction. However, once he examined the documents that defendant brought him, he had probable cause to seize them as evidence of a criminal offense. ORS 133.585. The trial court did not err in denying defendant's motion to suppress.

Defendant's remaining assignments of error do not require discussion.

Affirmed.